UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| MATTHEW WALDECKER Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HYPERSPRING, LLC d/b/a GSE HYPERSPRING<br><br>Defendant. | Case No. 2:20-cv-1948<br><br>Jury Trial Demanded<br><br>FLSA Collective Action Pursuant to 29 U.S.C. § 216(b)<br><br>Class Action Pursuant to Fed. R. Civ. P. 23 |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Matthew Waldecker (Waldecker) brings this lawsuit to recover unpaid overtime wages and other damages from HyperSpring, LLC d/b/a GSE HyperSpring (HyperSpring) under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. § 33.104 *et seq.*

2. Waldecker worked for HyperSpring as an hourly employee.

3. Waldecker and the Straight Time Employees (defined below) regularly worked more than 40 hours a week.

4. But HyperSpring did not pay them overtime.

5. Instead of paying overtime as required by the FLSA, HyperSpring paid Waldecker and the Straight Time Employees the same hourly rate for all hours worked, including those in excess of 40 hours in a single week (or, "straight time for overtime").

6. HyperSpring never paid Waldecker or the Straight Time Employees a guaranteed salary.

7. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

10. The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

12. Waldecker worked for HyperSpring in and around Pittsburgh, Pennsylvania, which is in this District and Division.

## THE PARTIES

13. Waldecker was an hourly employee of HyperSpring.

14. Waldecker worked for HyperSpring as Staff Augmentation from approximately January 2018 through May 2019.

15. Throughout his employment, HyperSpring paid Waldecker the same hourly rate for all hours worked, including those worked in excess of 40 hours in a single workweek.

16. His written consent to be a party plaintiff is attached as Exhibit 1.

17. Waldecker brings this action on behalf of himself and all other similarly situated workers who HyperSpring paid straight time for overtime.

18. HyperSpring paid each of these workers the same hourly rate for all hours worked, including those worked in excess of 40 hours in a single workweek in violation of the FLSA.

2

19. The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current or former employees of HyperSpring who were paid "straight time for overtime" at any time during the past three years ("FLSA Class Members").**

20. Waldecker also seeks certification of a class under Fed. R. Civ. P. 23 defined as follows:

> **All current or former employees who worked for HyperSpring in Pennsylvania, and/or were based out of Pennsylvania while working for HyperSpring, who were paid "straight time for overtime" at any time during the past three years ("Pennsylvania Class Members").**

21. The FLSA Class Members and Pennsylvania Class Members are collective referred to as the Straight Time Employees.

22. HyperSpring is a limited liability company that maintains its headquarters in Huntsville, Alabama.

23. HyperSpring can be served with process by serving its registered agent: **Corporation Service Company, 2595 Interstate Drive, Harrisburg, Pennsylvania 17110.**

## COVERAGE UNDER THE FLSA

24. At all relevant times, HyperSpring was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all relevant times, HyperSpring was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all relevant times, HyperSpring was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

27. At all relevant times, HyperSpring has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

28. At all relevant times, Waldecker and the Straight Time Employees were engaged in commerce or in the production of goods for commerce.

## THE FACTS

29. HyperSpring is a "professional services firm" that "work[s] with the nation's largest commercial utilities and engineering firms, providing … training program development and delivery, as well as providing specialized operations and engineering personnel."[1]

30. Waldecker was an hourly employee of HyperSpring.

31. Waldecker performed work under the job title of Staff Augmentation.

32. As Staff Augmentation, Waldecker trained HyperSpring's clients' employees in the clients' policies, procedures, and specifications in accordance with the clients' and the nuclear industry's standards and government regulations.

33. Waldecker worked for HyperSpring from approximately January 2018 through May 2019.

34. Waldecker worked for HyperSpring in and around Pittsburgh, PA and South Port, NC.

35. Throughout his employment with HyperSpring, HyperSpring paid Waldecker the same hourly rate for all hours worked, including those in excess of 40 in a single workweek.

36. Specifically, HyperSpring paid Waldecker approximately $78.00 for every hour he worked, including those in excess of 40 in a week.

---

[1] https://www.gses.com/hyperspring/ (last visited December 13, 2020).

4

37. HyperSpring paid Waldecker and the Straight Time Employees under its straight time for overtime pay scheme.

38. HyperSpring did not pay Waldecker and the Straight Time Employees a guaranteed salary.

39. If Waldecker and the Straight Time Employees worked fewer than 40 hours in a week, they were only paid for the hours worked.

40. Waldecker and the Straight Time Employees regularly worked over 40 hours in a week.

41. In fact, Waldecker and the Straight Time Employees regularly worked 10-hour daily shifts, for 6 days each week.

42. Waldecker's schedule is typical of the Straight Time Employees.

43. Instead of paying overtime, HyperSpring paid Waldecker and the Straight Time Employees the same hourly rate for all hours they worked, including those in excess of 40 hours in a workweek.

44. Waldecker and the Straight Time Employees worked in accordance with the schedule set by HyperSpring and/or its clients.

45. The hours Waldecker and the Straight Time Employees worked are reflected in HyperSpring's records.

46. Rather than receiving time and half as required by the FLSA and PMWA, Waldecker and the Straight Time Employees only received "straight time" pay for the hours they worked over 40 in a workweek.

47. HyperSpring's "straight time for overtime" payment scheme violates the FLSA and PMWA because it deprives Waldecker and the Straight Time Employees of overtime at a rate of 1½ their regular rates for the hours they work in excess of 40 hours in a single workweek.

48. HyperSpring is aware, or should have been aware, that the FLSA and PMWA required it to pay Waldecker and the Straight Time Employees overtime premiums for all hours worked in excess of 40 hours per workweek.

49. HyperSpring knew Waldecker and the Straight Time Employees worked more than 40 hours a week.

50. HyperSpring knew, or showed reckless disregard for whether, the Straight Time Employees were entitled to overtime under the FLSA and PMWA.

51. Nonetheless, HyperSpring did not pay Waldecker and the Straight Time Employees overtime as required by the FLSA and PMWA.

52. HyperSpring knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA and PMWA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

53. Waldecker incorporates all previous paragraphs and alleges that the illegal pay practices HyperSpring imposed on Waldecker were likewise imposed on the Straight Time Employees.

54. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and PMWA.

55. Numerous other individuals, like Waldecker, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA and PMWA.

56. Based on his experiences and tenure with HyperSpring, Waldecker is aware that HyperSpring's illegal practices were imposed on the Straight Time Employees.

57. The Straight Time Employees were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of 40 hours per week.

58. HyperSpring's failure to pay wages and overtime compensation at the rates required by the FLSA and PMWA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Straight Time Employees.

59. The specific job titles or precise job locations of the Straight Time Employees do not prevent class or collective treatment.

60. Waldecker has no interest contrary to, or in conflict with, the Straight Time Employees.

61. Like each Straight Time Employee, Waldecker has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

62. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

63. Absent this class and collective action, many Straight Time Employees likely will not obtain redress of their injuries, and HyperSpring will reap the unjust benefits of violating the FLSA and applicable state labor laws, including the PMWA.

64. Furthermore, even if some of the Straight Time Employees could afford individual litigation against HyperSpring, it would be unduly burdensome to the judicial system.

65. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

66. The questions of law and fact common to the Straight Time Employees predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether HyperSpring employed the Straight Time Employees within the meaning of the applicable state and federal statutes, including the FLSA and PMWA;

b. Whether the Straight Time Employees were improperly misclassified as exempt from overtime pay under the FLSA;

c. Whether HyperSpring's decision to classify the Straight Time Employees as exempt from overtime pay was made in good faith;

d. Whether HyperSpring's decision to not pay time and a half for overtime to the Straight Time Employees was made in good faith;

e. Whether HyperSpring's violation of the FLSA and PMWA was willful; and

f. Whether HyperSpring's illegal pay practices were applied uniformly across the nation to all Straight Time Employees.

67. Waldecker's claims are typical of the claims of the Straight Time Employees.

68. Waldecker and the Straight Time Employees sustained damages arising out of HyperSpring's illegal and uniform employment policy.

69. Waldecker knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

70. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts; therefore, this issue does not preclude collective action treatment.

### CAUSE OF ACTION
### FLSA VIOLATIONS

71. Waldecker brings his FLSA claims as a collective action under 29 U.S.C. § 126(b).

72. HyperSpring employed, or employs, Waldecker and the FLSA Class Members within the meaning of the FLSA.

73. By failing to pay Waldecker and the FLSA Class Members overtime at 1.5 times their regular rates when they worked in excess of 40 hours in a workweek, HyperSpring has violated, and is violating, Section 7 of the FLSA. 29 U.S.C. § 207.

8

74. HyperSpring failed to pay Waldecker and the FLSA Class Members a guaranteed salary or on a "salary basis."

75. HyperSpring failed to pay Waldecker and the FLSA Class Members overtime at the rates required by the FLSA.

76. Instead, HyperSpring paid Waldecker and the FLSA Class Members straight time for overtime.

77. HyperSpring owes Waldecker and the FLSA Class Members the difference between the rate paid to them and the proper overtime rate.

78. HyperSpring knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Waldecker and the FLSA Class Members overtime compensation.

79. HyperSpring's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

80. Accordingly, Waldecker and the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorneys' fees and costs.

**PMWA VIOLATION**

81. Waldecker brings this claim under the PMWA as a Rule 23 class action.

82. HyperSpring is subject to the overtime requirements of the PMWA because HyperSpring is an employer under 43 P.S. § 333.103(g).

83. During all relevant times, Waldecker and the Pennsylvania Class were covered employees entitled to the above-described PMWA's protections. See 43 P.S. § 333.103(h).

84. HyperSpring's compensation scheme that is applicable to Waldecker and the Pennsylvania Class Members failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.43(b).

85. At all relevant times, HyperSpring was subject to the requirements of the PMWA.

86. At all relevant times, HyperSpring employed Waldecker and each Pennsylvania Class Member as an "employee" within the meaning of the PMWA.

87. The PMWA requires employers like HyperSpring to pay employees at 1½ times the regular rate of pay for hours worked in excess of 40 hours in any one week.

88. Waldecker and each Pennsylvania Class Member are entitled to overtime pay under the PMWA.

89. Waldecker and each Pennsylvania Class Member seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

90. Waldecker and each Pennsylvania Class Member also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by HyperSpring, as provided by the PMWA.

## JURY DEMAND

91. Waldecker demands a trial by jury.

## PRAYER

92. Waldecker prays for relief as follows:

   a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Straight Time Employees with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding HyperSpring liable for unpaid back wages due to Waldecker and the Straight Time

|   |   |
|---|---|
|   | Employees for liquidated damages equal in amount to their unpaid compensation; |
| c. | An Order certifying a Rule 23 class action on behalf of current and former employees working for or on behalf of HyperSpring in Pennsylvania, and/or who were based out of Pennsylvania while working for HyperSpring, who were paid the same hourly rate for all hours worked at any time during the last 3 years; |
| d. | Judgment awarding Waldecker and the Straight Time Employees all unpaid overtime and other damages available under the FLSA and PMWA; |
| e. | For an Order awarding Waldecker and the Straight Time Employees their costs of this action as provided by the FLSA and PMWA; |
| f. | For an Order awarding Waldecker and Straight Time Employees their reasonable attorneys' fees and expenses as provided by the FLSA and PMWA; |
| g. | For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and |
| h. | For an Order granting such other and further relief as may be necessary and appropriate. |

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    PA Bar 308410
    **Andrew W. Dunlap**
    PA Bar 241078444
    **Taylor A. Jones\***
    Texas Bar No. 24107823
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    tjones@mybackwages.com
    *\*Pro Hac Vice Application Forthcoming*

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **Joshua P. Geist**
    PA ID No. 85745
    **William F. Goodrich**
    PA ID No. 30235
    **GOODRICH & GEIST PC**
    3634 California Ave.
    Pittsburgh, Pennsylvania 15212
    412-766-1455 – Telephone
    412-766-0300 – Facsimile
    josh@goodrichandgeist.com
    bill@goodrichandgeist.com

    **ATTORNEYS FOR PLAINTIFF & PUTATIVE CLASS MEMBERS**