IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

MATTHEW WALDECKER,          )
INDIVIDUALLY AND FOR OTHERS )
SIMILARLY SITUATED;         )                2:20-CV-01948-MJH
                            )
        Plaintiff,          )
                            )
    vs.                     )
                            )
HYPERSPRING, LLC,           )

        Defendant,

**<u>OPINION AND ORDER</u>**

Plaintiff, Matthew Waldecker, individually and on behalf of others similarly situated, bring the within collective action against Hyperspring, LLC, for overtime payment as required by the Fair Labors Standards Act (FLSA) and the Pennsylvania Minimum Wage Act (PMWA). (ECF No. 18).  Hyperspring has moved to stay this action (ECF No. 83) based upon two pending decisions by the United States Supreme Court in *Mallory v. Norfolk Southern*, 266 A.3d 542 (Pa. 2021), cert. granted, No. 21-1168, 2022 WL 1205835 (U.S. Apr. 25, 2022) and *Helix Energy Sols. v. Hewitt*, 15 F.4th 289 (5th Cir. 2021), cert. granted sub nom. *Helix Energy Sols. v. Hewitt*, No. 21-984, 2022 WL 1295708 (U.S. May 2, 2022).  The matter is now ripe for consideration.

Upon consideration of Hyperspring's Motion to Stay (ECF No. 83), the respective briefs (ECF No. 84, 86, and 89), and for the following reasons, Hyperspring's Motion to Stay will be denied without prejudice.

I.      Stay Standard

Deciding a motion to stay is within the district court's discretion because "it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket." *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 767 (E.D. Pa. 2014) (quoting *Cost Bros., Inc. v. Travelers Indent. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)) (Brody, J.). "'When deciding a motion to stay proceedings pending the resolution of another action in federal court, courts have considered three factors: '(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay.'" *Richardson v. Verde Energy USA, Inc.*, CV 15-6325, 2016 WL 4478839, at *2 (E.D. Pa. Aug. 25, 2016).

II.     Discussion

Hyperspring contends that the issues decided by the Supreme Court in *Mallory* could impact this Court's jurisdiction of the out-of-state opt-in plaintiffs' claims.  As regards *Helix*, Hyperspring argues that guidance from the Supreme Court on any link between the highly compensated employee exemption and the reasonable relationship requirement will have a substantial impact on this case.  Hyperspring maintains that neither party is prejudiced by a stay, and that both parties may be harmed by needless expense and duplicative litigation.  Plaintiffs oppose a stay and argue that judicial stays are disfavored, and appellate "uncertainty" is a constant.

After careful consideration of the parties' briefs, the issues presented in *Mallory* and *Helix*, a stay is not warranted at this time.  While both *Mallory* and *Helix* may impact eventual jurisdiction and merits of this case, neither will result in a full disposition for the litigants.   A full cessation of litigation in this matter does not serve either the interests of justice or judicial economy. Continued litigation activities will better serve the litigants in reaching either a

resolution or disposition.   Said activities would still need to be completed regardless of the outcomes in *Mallory* and *Helix*.   Therefore, the most prudent course is for this litigation to continue unabated.   If and when the issues in *Mallory* and *Helix* resolve, the Court can potentially address those precedents at the appropriate time.

III.    Conclusion

Accordingly, after consideration of the foregoing, Hyperspring's Motion to Stay is denied.

DATED: June 3, 2022                                         BY THE COURT:


Marilyn J. Horan
United States District Judge