IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| MATTHEW WALDECKER, INDIVIDUALLY AND FOR OTHERS SIMILARLY SITUATED;<br><br>Plaintiff,<br><br>vs.<br><br>HYPERSPRING, LLC,<br><br>Defendant, | 2:20-CV-01948-MJH |

## OPINION AND ORDER

Plaintiff, Matthew Waldecker, individually and on behalf of others similarly situated, brings the within collective action against Hyperspring, LLC, for overtime payment pursuant to the Fair Labors Standards Act (FLSA) and the Pennsylvania Minimum Wage Act (PMWA). (ECF No. 18).  Plaintiffs have moved to compel testimony and documents purportedly relevant to Hyperspring's good faith defense.  (ECF No. 106).  The matter is now ripe for consideration.

Upon consideration of Plaintiffs' Motion to Compel (ECF No. 106), the respective briefs (ECF No. 107, 110, and 111), and for the following reasons, Plaintiffs' Motion to Compel will be denied.

    I.    Background

As an affirmative defense to any potential exposure for imposition of liquidated damages and fees, Hyperspring has claimed that its exempt classification of the at-issue employees was based upon its good faith reliance upon advice of counsel.  Hyperspring has asserted that it sought legal advice as to employee classification and that it was advised by memorandum from legal counsel, Stephanie Baron, that the exempt classification was proper. As such, Hyperspring

asserts that it had reasonable grounds for believing its actions complied with the FLSA. (ECF No. 20 at ¶¶ 7, 11, and 16).  Through discovery, Hyperspring has produced Attorney Baron's memorandum and other Hyperspring documents that it provided to Ms. Baron.   In addition, she testified regarding the advice she gave and the factual and legal bases supporting her advice as to employee classification.  Hyperspring has agreed that it has waived the attorney-client privilege relative to this employee classification advice.  However, Hyperspring contends that it is not asserting any defense relative to any legal advice it thereafter obtained in relation to implementation of its pay practices. During Ms. Baron's deposition, Hyperspring refused to waive the attorney-client privilege and to permit her testimony as to any subsequent legal advice beyond employee classification. Because Hyperspring refused to permit such testimony as regard pay practice implementation, Plaintiffs now moves to compel Ms. Baron's further testimony.

II. Discussion

Plaintiffs argue that Hyperspring waived any attorney-client privilege or work product privilege relating to the pay policy at issue when it raised a good faith defense.   Hyperspring maintains that its waiver of attorney-client or work product privilege is limited to its decision to classify plaintiffs as exempt under the FLSA, and does not apply to any counsel or advice regarding the implementation of its pay policies.

"When an employer violates the overtime wage provisions of [the FLSA], Section 216(b) provides for payment of both unpaid wages and an equivalent amount of mandatory liquidated damages." *Martin v. Cooper Elec. Supply Co.*, 940 F.2d  896, 907 (3d Cir. 1991). Notwithstanding this language, the FLSA provides a good faith defense to liquidated damages, wherein the employer must "show to the satisfaction of the court that the act or omission giving rise to [an] action was in good faith and that he had reasonable grounds for believing that his act

or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. Section 260 requires a subjective showing of good faith—the employer had "an honest intention to ascertain and follow the dictates of the FLSA"—and an objective showing of reasonableness—that it "act[ed] as a reasonably prudent man would have acted under the same circumstances." *Brooks v. Vill. of Ridgefield Park*, 185 F.3d 130, 137 (3d Cir. 1999).   The employer bears the "plain and substantial" burden of establishing it is entitled to this discretionary relief; otherwise, the Court must grant liquidated damages. *Martin*, 940 F.2d at 907-08.

Some employers, like Hyperspring here, assert a good faith defense of reliance upon advice of counsel.  Advice of counsel, as a good faith defense, is "available only to those who, after full and honest disclosure of the material facts surrounding a possible course of action, seek and obtain the advice of counsel on the potential legality of their actions." *Impala Platinum Holdings Ltd. v. A-1 Specialized Servs. & Supplies, Inc.*, No. CV 16-1343, 2017 WL 960941, at *1 (E.D. Pa. Mar. 10, 2017) (citing *United States v. Traitz*, 871 F.2d 368, 382-83 (3d Cir. 1989)); *see also United States v. Park*, 505 F. App'x 186, 189 (3d Cir. 2012).   Hyperspring asserts this defense as to its counsel's advice on employee classification, but contends that it has only waived attorney-client privilege as to exempt employee classification.

"[A] party can waive the attorney client privilege by asserting claims or defenses that put his or her attorney's advice in issue in the litigation." *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994).  Where "the client has made the decision and taken the affirmative step in the litigation to place the advice of the attorney in issue,[…] courts have found that by placing the advice in issue, the client has opened to examination facts relating to that advice." *Id*.  "Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a

3

relevant manner." *Id*. "The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication." *Id*. In the FLSA context, the court in *McKee v. PetSmart, Inc.*, 71 F.Supp.3d 439 (D. Del. 2014), concluded that an employer had not waived its attorney-client privilege where it had not relied on privileged communications or testimony in support of its defense. *Id*. at 441-442.

      Here, Hyperspring does not seek an advice of counsel defense regarding its implementation of the at-issue pay practice. It only has sought an advice of counsel defense in regard to its exempt classification of its employees. Because advice of counsel relative to implementation will not support Hyperspring's good faith defense, it is not relevant to Hyperspring's defenses in any liquidated damages portion of trial. And without an affirmative step by Hyperspring to assert a good faith defense based upon counsel's advice on implementation, the door has not been opened to the examination of any privileged communications between Hyperspring and its counsel on this subject matter. From this Court's review of the record before it, Hyperspring has presented a narrow, subject specific waiver of its attorney-client privilege. To invite a broader inquiry, as Plaintiffs suggest, would invite an unwarranted intrusion upon the attorney-client relationship. Thus, Plaintiffs will not be permitted to further inquire into Hyperspring's communication with its counsel that are unrelated to the specific advice relative to classification, for which discovery has been provided by Hyperspring.

      Accordingly, Plaintiffs' Motion to Compel will be denied.

5

ORDER

Following consideration of Plaintiffs' Motion to Compel (ECF No. 106), the respective briefs (ECF No. 107, 110, and 111), and for the foregoing reasons, Plaintiffs' Motion to Compel is denied.

DATED:  February 7, 2023                              BY THE COURT:

                                                                          _____
                                                                          Marilyn J. Horan
                                                                          United States District Judge